IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MORGAN KEITH HANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 323-026 |
| ) | |
| MARTIN O'MALLEY, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 26; see also doc. nos. 28, 31.) One aspect of the objections merits brief discussion.

Plaintiff objects to the finding that Plaintiff's Residual Functional Capacity ("RFC") was supported by substantial evidence when it omitted a restriction to "simple, 1-2 step tasks" proposed by a State Agency consultant, arguing the recent Eleventh Circuit decision in Weidlich v. Comm'r of Soc. Sec., 2023 WL 8015753 (11th Cir. Nov. 20, 2023) (*per curiam*), requires the opposite conclusion. (Doc. no. 26.) However, Plaintiff overstates the authority of this unpublished case by arguing Weidlich established a "new heightened legal standard," (id. at 7), as Weidlich is not controlling. 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); see also Patterson v. Ga. Pac., LLC, 38 F.4th 1336, 1346 (11th Cir. 2022). Hester v. Kijakazi, No. 323-

CV-51, 2023 WL 9231653 (M.D. Ala. Dec. 4, 2023), *adopted sub nom. by* Hester v. O'Malley, 2024 WL 150499 (M.D. Ala. Jan. 12, 2024), the only case having cited Weidlich, is similarly unavailing.  See Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011).

Moreover, to the extent Weidlich or Hester are persuasive, they are distinguishable. See Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions . . . are persuasive only insofar as their legal analysis warrants."). Weidlich and Hester involved unexplained, irreconcilable conflicts between the relevant medical assessments and the RFC adopted by the Administrative Law Judge ("ALJ"). See Weidlich, 2023 WL 8015753, at *2-3; Hester, 2023 WL 9231653, at *2-4.  As discussed extensively by the Magistrate Judge, the ALJ's RFC assessment here was not in direct conflict with the State Agency consultant's opinion and the ALJ clearly explained why certain restrictions were omitted.  (Doc. no. 22, pp. 7-8.)

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's motion for judgment on the pleadings, (doc. no. 16), **AFFIRMS** the Commissioner's final decision, **CLOSES** this civil action, and **DIRECTS** the Clerk to **ENTER** final judgment in favor of the Commissioner.

SO ORDERED this 7th day of March, 2024, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE